UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK WILL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 09-mc-7-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Patrick Will's Verified Petition for Order to Perpetuate Testimony (Doc. 2). Will contends that he anticipates filing suit against the United States, pursuant to the Federal Tort Claims Act, for damages resulting from the presence of asbestos at the Veterans's Administration medical facility in Marion, Illinois, where Will's spouse worked. Will wants to depose the custodian of records for the Veterans's Administration and the custodian of records for the General Services Administration. Will wants the custodians of records to provide him with documentary information "listing all employees, non-employees, contractors, and others who may have knowledge of the exposure to asbestos and/or other dangerous substances at the Marion VA medical facility." Will states: "Prompt production of this testimony and documentary evidence is important because some of the persons with knowledge of the asbestos contamination probably are retired, may be in poor health . . . and may not survive for the months, if not years, that the administrative process could entail."

Federal Rule of Civil Procedure 27 governs under what circumstances an order to perpetuate testimony may enter. In pertinent part Rule 27 provides:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner *to depose the named persons in order to perpetuate their testimony*.

Fed. R. Civ. P. 27(a)(1) (emphasis added).

On the most basic level, Will's Petition does not meet the strictures of Rule 27. Will does not ask the Court for an order authorizing him to depose the custodians of records in order to perpetuate their testimony. He does not indicate that he is afraid that the testimony of the custodians of records might be lost if not taken immediately. Rather, his concern is that the information gained from the custodians might lose some of its usefulness to him if he is required to proceed on discovery through the usual channels. This is plainly not the situation to which Rule 27 is addressed. *In re Ramirez*, 241 F.R.D. 595, 596 (W.D.Tex., 2006) ("It is well-established in case law that perpetuation means the perpetuation of known testimony. In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint."); *see, generally*, 8 Wright, Miller, & Marcus, Federal Practice and Procedure, § 2071, pp. 651-52 (2009) ("Rule 27 is intended only for the perpetuation of testimony or other evidence. It is drafted to apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately. . . . The early commentators agreed that [allowing full discovery] was not the purpose of the rule, and, despite an occasional intimation to the contrary, the courts have generally agreed that to allow Rule 27 to be used for this purpose would be 'abuse of the rule.' ") (citations omitted).

Because Will's Petition is not aimed at perpetuating the testimony of the deponents named in the Petition, it does not meet the requirements of Rule 27. Accordingly, the Court **DENIES** the Verified Petition for Order to Perpetuate Testimony (Doc. 2).

**IT IS SO ORDERED.**
**DATED: June 1, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**